```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Deborah C. Aumand, Executor
of the Estate of Katherine
Coffey, and Francis Coffey,
Individually**

   **v.**                                    Case No. 06-cv-434-PB
                                          Opinion No. 2007 DNH 095
**Dartmouth Hitchcock Medical
Center**


### MEMORANDUM AND ORDER

Deborah Aumand and Francis Coffey bring claims for medical malpractice, loss of consortium, and negligent infliction of emotional distress against Dartmouth Hitchcock Medical Center ("DHMC"), seeking recovery for injuries caused by the alleged medical negligence of DHMC and/or its employees. DHMC now moves to have the case referred to a screening panel pursuant to the requirements of N.H. Rev. Stat. Ann. ("RSA") § 519-B. Plaintiffs object to the instant motion on the grounds that the New Hampshire screening panel requirement does not apply in federal court under <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938),

because it is procedural rather than substantive. See N.H. RSA § 519-B:9, I(a) ("The panel process is a preliminary procedural step through which malpractice claims proceed.").

"Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996). Distinguishing between substantive and procedural law, however, is often challenging. Id.; Correia v. Fitzgerald, 354 F.3d 47, 53 (1st Cir. 2003). It is not the language of the statute that is determinative, but whether its application will have a significant impact on the outcome of the litigation. Gasperini, 518 U.S. at 427; Guar. Trust Co. v. York, 326 U.S. 99, 109 (1945)); Feinstein v. Mass. Gen. Hosp., 643 F.2d 880 (1st. Cir. 1981). This test "must be guided by the twin aims of the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the law." Gasperini, 518 U.S. at 428 (quoting Hanna v. Plumer, 380 U.S 460, 468 (1965)).

In Feinstein, the First Circuit held that a Massachusetts screening panel statute was substantive for purposes of Erie because it provided for "a prompt determination of the likely merits of a claim and requir[ed] that a plaintiff who is

unsuccessful before the malpractice tribunal post a bond to cover the defendant's costs and fees in the event he 'does not prevail in the final judgment.'"  643 F.2d at 885 (quoting Mass. Gen. Laws ch. 231, s. 60B).  Faced with the identical issue and similar arguments as the instant case, another judge on this court, relying on Feinstein, recently concluded that N.H. RSA § 519-B is substantive for Erie purposes.  Plumb v. Lavery and N.H. Cardiology Consultants, P.C., 2007 DNH 066.  The only contrary ruling cited by the plaintiff is Wheeler v. Shoemaker, 78 F.R.D. 218 (D.R.I. 1978), whose reasoning has been rejected by numerous courts, including the First Circuit.  See, e.g., Feinstein, 643 F.2d at 887-90; DiFilippo v. Beck, 520 F.Supp. 1009, 1014 (D. Del. 1981) ("both holdings of Wheeler were effectively overruled in Feinstein").

Although § 519-B does not require a plaintiff who is unsuccessful before the panel to post a bond before proceeding with her lawsuit, it nevertheless is likely to have a significant impact on the outcome of the class of cases to which it applies because it specifies that the panel's findings will be admissible

at trial in certain circumstances. See N.H. RSA § 519-B:8I.[1] This aspect of the law is likely to have a significant impact on the outcome of cases referred to the panel and encourage forum shopping. Plaintiffs, who generally will not favor the panel process because of the panel's composition, are likely to forum shop if doing so will allow them to avoid the screening requirement. Under Gasperini, this is a sufficient basis to apply the state law in federal court. See Woods v. Holy Cross Hosp., 591 F.2d 1164, 1168 (5th Cir. 1979).

For the reasons stated, I grant defendant's motion (Doc. No. 8) to refer the case to the screening panel. To that end, within twenty days from the date of this order, counsel for the defendants shall contact counsel for the plaintiffs as required

---

[1] It is likely that such findings would be admissible under Fed. R. Evid. 803(8) as "factual findings resulting from an investigation made pursuant to authority granted by law." However, I need not determine whether N.H. RSA § 519-B:8 either is in conflict with the Rules of Evidence or violates plaintiffs' Seventh Amendment right to a trial by jury because plaintiffs do not rest their opposition to the current motion either on a claim that the applicability of state law is in conflict with the Federal Rules of Evidence, see, e.g., Hanna, 380 U.S. at 471, or an argument that the application of the law at trial would violate their Seventh Amendment right to a jury trial. See, e.g., Byrd v. Blue Ridge Rural Elec. Coop., Inc., 356 U.S. 525, 538 (1958).

under N.H. RSA § 519-B:4.  Thereafter, the parties shall follow the procedures provided in N.H. RSA § 519-B:4 for the panel proceedings.  The case will be stayed pending the resolution of the proceedings before the screening panel.

    SO ORDERED.

                                              /s/Paul Barbadoro
                                              Paul Barbadoro
                                              United States District Judge

August 14, 2007

cc:   Gary Richardson, Esq.
       Heather M. Burns, Esq.
       Thomas V. Laprade, Esq.